UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOSÉ A. GARCIA, | CASE NO.  4:13 CV2683 |
| Petitioner, | JUDGE DAN AARON POLSTER |
| v. | |
| | MEMORANDUM OF OPINION AND ORDER |
| MICHAEL PUGH, | |
| Respondent. | |

*Pro se* Petitioner José A. Garcia filed the above-captioned petition for writ of habeas corpus pursuant 28 U.S.C. § 2241 (ECF No. 1).  Garcia, who is being held at the Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio, names N.E.O.C.C.'s Warden Michael Pugh as Respondent.  He seeks an order directing the warden to waive his Public Safety Factor (PSF) and allow him access to pre-release programs available at N.E.O.C.C.  For the reasons set forth below, the Petition is denied.

*Background*

After pleading guilty to federal drug charges, Garcia was sentenced on August 16, 2001 to a total term of 240 Months imprisonment in the United States District Court of South Carolina. *See United States v. Garcia*, No.  2:98-cr-01136 (D. S.C. 1998).  His projected release date is July 30, 2017.

Upon arrival into the Bureau of Prison's ("BOP") custody, Garcia was assigned a PSF of Deportable Alien, pursuant to the BOP's Program Statement 5100.08.  Garcia was presumably assigned the PSF of Deportable Alien based on his Presentence Investigation Report ("PSR"),

which determined that he was a citizen of Cuba. The Immigration and Customs Enforcement Agency ("ICE") also lodged a detainer against Garcia.

Early in 2013, Garcia was transferred from the Federal Correctional Institution in Milan, Michigan (F.C.I. Milan) to N.E.O.C.C. On July 29, 2013, he submitted an Informal Resolution Request asking his Unit Team to request a PSF waiver on his behalf. Ultimately, Garcia sought release to a prison camp or half-way house. The request was denied, however, because of the detainer placed by ICE. From that point forward, Garcia fully exhausted his administrative remedies. At every level, the BOP countered that its issuance of the PSF of Deportable Alien is proper and should not be disturbed, and that Garcia has no liberty interest in his place of confinement.

Because of his PSF of Deportable Alien issued by the BOP, Garcia is subject to increased security measures, including ineligibility for early release consideration under 18 U.S.C. § 3621(e)(2)(B). Garcia now argues that, as a Mariel Cuban who arrived in this country by boat in the 1980s, Cuba will refuse his return and he will never be deported. Faced with this reality, he maintains the BOP's policy of classifying him as a Deportable Alien, who cannot be removed from the United States, is a violation of his constitutional rights. Citing *Zadvydas v. Davis*, 121 S. Ct. 2491 (2001), Garcia believes the Supreme Court rejected any immigration criteria that allowed the agency to classify deportable aliens as a danger to society when they could not be removed to their home country.[1] He believes the same reasoning should apply to his classification at N.E.O.C.C. and that his PSF should be removed.

*Initial Review*

---

[1] The Court believes this may be a reference to *Clark v. Martinez*, 543 U.S. 371 (2005), which extended the reach of *Zadvydas* to Mariel Cuban nationals who had been deemed inadmissible and ordered removed from the United States. Where the aliens were both detained well beyond six months after their removal orders became final, and where the government had come forward, in response to aliens' habeas petitions, with nothing to indicate that a substantial likelihood of removal existed, the Court granted their petitions and ordered their release.

-2-

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)(citations omitted). Garcia has not met his burden.

*28 U.S.C. § 2241*

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 addresses Garcia's claim that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is directed "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Therefore, a court has personal jurisdiction over a habeas corpus petition only if it has jurisdiction over Garcia's custodian. *Braden*, 410 U.S. at 495. Because Garcia's custodian is within the geographical reach of this Court, the Court has personal jurisdiction over Garcia's custodian. For the reasons outlined below, however, the Court lacks subject matter jurisdiction.

*Failure to State Claim for Relief*

Without question, a petition for writ of habeas corpus filed by a federal inmate under § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998). A habeas corpus proceeding is the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To the extent Garcia is arguing "he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), his petition is denied.

-3-

Petitioner's PSF was properly applied. According to BOP Program Statement 5100.08, a "Deportable Alien" is described as:

> A male or female inmate who is not a citizen of the United States. All long-term detainees will have this PSF applied. When applied, the inmate or the long-term detainee shall be housed in at least a Low security level institution.
>
> The PSF shall not be applied, or shall be removed when the U.S. Immigration and Customs Enforcement (ICE) or the Executive Office for Immigration Review (EOIR) have determined that deportation proceedings are unwarranted or there is a finding not to deport at the completion of deportation proceedings. The Institution Hearing Program CMA of NO IHP or IHP CMP ND will then be applied. Additionally, the PSF shall not be applied if the inmate has been naturalized as a United States citizen.

BOP 5100.08, Chap. 5, p. 9 (2006). Petitioner fully admits he is not a United States citizen. The BOP further describes a "long-term detainee" as:

> A non-U.S. citizen (alien) who has:
>
> - finished serving a local, state, or federal sentence;
> - completed immigration proceedings that have resulted in an order of deportation, exclusion, or other means of removal by either the Executive Office for Immigration Review (EOIR), or the Bureau of Immigration and Customs Enforcement (ICE), formerly the Immigration and Naturalization Service (INS); and,
> - *cannot be removed from the country for various reasons.*

BOP 5100.08, Chap. 2, pp. 2-3 (2006). While Garcia has not completed his federal sentence, his central argument is that he "cannot be removed from the country." Because that is one of the elements of a "long-term detainee," Garcia cannot rely on this fact to establish that he is entitled to waive the PSF. Instead, he is a long-term detainee who is a citizen of Cuba. Therefore, a "deportable alien" PSF must be applied.

Where an inmate is confined and to what security classification he is assigned are administrative decisions left to the Department of Justice. *See* 18 U.S.C. § 4001(b) (vesting the

-4-

authority to control and manage federal correctional institutions and to classify inmates in the Attorney General). More importantly, an inmate has no liberty interest in his designation to a particular correctional facility. *See Olim v. Wakinekona*, 461 U.S. 238, 245(1983) ("[A]n interstate prison transfer, including one from Hawaii to California, does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself.") Whether Garcia will ultimately be removed from the United States to Cuba is not a decision within the scope of the BOP's authority. As its policy clearly dictates, only ICE or EOIR can determine whether a PSF can be removed.

The fact that Garcia cannot be removed from this country does not violate any Constitutional right. *See e.g., Perez v. Lappin*, 672 F. Supp.2d 35 (D.D.C. 2009) (Deportable Alien PSF as applied to Mariel Cuban did not violate Petitioner's constitutional rights or violate the Administrative Procedures Act). As noted, prison officials have full discretion over prisoner classifications and prisoners have no legitimate due process claim regarding these decisions. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). "[T]he assignment of a deportable alien PSF, in itself, does not implicate the Due Process Clause." *Becerra v. Miner*, 248 Fed. Appx. 368, 370 (3d Cir.2007) (per curiam). "Being classified with a PSF of 'deportable alien' and its resulting consequences of disqualification for certain programs, as with any other security classification, is not outside what a prisoner 'may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.' " *Id*. at 370 (quoting *Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir.2002) (other citations omitted)).

Unless an inmate is subjected to extraordinary treatment, the effects of prison officials' day-to-day decisions on inmates are merely consequences of confinement for having committed a crime. *See Franklin v. District of Columbia*, 163 F.3d 625, 635 (D.C.Cir.1998). In this case, Garcia does not show that the PSF assigned to him has resulted in an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). As such, he has failed to state any due process claim.

*Conclusion*

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                          */s/Dan Aaron Polster   12/31/13*
                                          DAN AARON POLSTER
                                          UNITED STATES DISTRICT JUDGE